GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: SAMUEL DOLINGER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2677
E-mail: samuel.dolinger@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> -v- <br><br> CARLA L. MARIN, individually and as co-executor and beneficiary of the Estate of Ana Beatriz Marin; PHILIP D. MARIN, individually and as co-executor and beneficiary of the Estate of Ana Beatriz Marin; CARL F. MARIN, individually and as beneficiary of the Estate of Ana Beatriz Marin; ESTATE OF ANA BEATRIZ MARIN; the PUTNAM COUNTY NATIONAL BANK OF CARMEL; SAMUEL P. UTTER; DYKEMAN SCRAP IRON INC.; CAR LIFTS PLUS, LLC; and the TOWN OF SOUTHEAST, <br><br> Defendants. | 18 Civ. 9307 <br><br> **COMPLAINT** |

Plaintiff the United States of America (the "United States"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, brings this civil action to recover the unpaid federal estate tax liabilities of the Estate of Ana Beatriz Marin, deceased (the "Estate"), and alleges upon information and belief as follows:

**INTRODUCTION**

1. Ana Beatriz Marin (the "Decedent") died in November 2007 and left a gross estate valued at approximately $7.4 million, comprising 29 parcels of real property valued at more than $6 million and more than $1 million in cash, notes, and mortgages.

2. The United States brings this civil action to reduce to judgment the unpaid federal estate tax liabilities of the Estate, which currently total more than $2.5 million with penalties and interest, and to recover funds owed to the United States on account of those tax liabilities.

3. Defendants Carla L. Marin ("Carla Marin") and Philip D. Marin ("Philip Marin")—two of the Decedent's five children[1]—acted as co-executors of the Estate between October 2009 and April 2014; after April 2014, Carla Marin has acted as sole executor. Since 2013, Carla Marin and Philip Marin, as fiduciaries of the Estate, failed to pay the estate taxes when they became due.

4. The United States seeks judgment against Carla Marin and Philip Marin individually, to the extent they distributed assets of the Estate to beneficiaries of the Estate or to creditors lacking priority ahead of the United States when there was an unpaid obligation of the Estate due to the United States, pursuant to 31 U.S.C. § 3713(b); and for disgorgement of any fees or payments Carla Marin and Philip Marin received due to their positions as fiduciaries of the Estate, given their breach of their fiduciary duties to the United States.

5. Further, the United States seeks judgment against Carla Marin, Philip Marin, and another of the Decedent's children, Carl F. Marin ("Carl Marin"), individually, to recover the Estate's unpaid federal estate tax liabilities from them to the extent they received transfers or distributions of property from the Estate before the payment of all taxes for which the Estate was liable, pursuant to 26 U.S.C. § 6324(a)(2) and Section 12-1.1 of the New York Estates, Powers and Trusts Law.

---

[1] Two of Decedent's children, Debra Marin and Andrea Marin, are not parties herein. Upon information and belief, Debra and Andrea Marin no longer have an interest in the property of the Estate.

6. Last, the United States seeks to foreclose on the real property of the Estate to repay the its federal estate tax debts, and requests that the Court appoint a receiver to marshal the Estate's assets, operate its real property as needed until it can be liquidated, and liquidate its real property and any of its other assets.

## JURISDICTION AND VENUE

7. The United States brings this suit pursuant to 26 U.S.C. §§ 7401, 7402, 7403, and 7404, at the direction of the Attorney General of the United States and at the request of, and with the authorization of, the Commissioner of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury of the United States.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1340, 1345, and 26 U.S.C. §§ 7402(a), 7403(a), and 7404 because it arises under a federal internal revenue statute due to the neglect or refusal to pay federal estate taxes, and the United States is the plaintiff.

9. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and 1396, because the tax liability giving rise to this action accrued in this district, the Estate's tax return was filed in or from this district, and a substantial part of the Estate's remaining assets—including 28 parcels of real property—are located in this district.

## PARTIES

8. Plaintiff is the United States of America.

9. Defendant the Estate of Ana Beatriz Marin is a decedent's estate, proceedings as to which occurred in the Surrogate's Court of the State of New York ("Surrogate's Court"), initially in Putnam County under index number 2007-207, and later in Dutchess County under index number 2012-181. The Estate's last known address is c/o Carla L. Marin, 65 Hill and Dale Road, Carmel, New York 10512.

10. Defendant Carla Marin is a natural person who serves as the executor of the Estate (and previously served as the co-executor of the Estate) and is also, on information and belief, a distributee and beneficiary thereof. Her last known address is 65 Hill and Dale Road, Carmel, New York 10512. Carla Marin may claim an interest in the properties upon which the United States seeks to foreclose its liens.

11. Defendant Philip Marin is a natural person who served as co-executor of the Estate between 2009 and 2014 and is also, on information and belief, a distributee and beneficiary thereof. His last known address is 10524 E. Freddy Street, Inverness, Florida 34450. Philip Marin may claim an interest in the properties upon which the United States seeks to foreclose its liens.

12. Defendant Carl Marin is a natural person who is, on information and belief, a distributee and beneficiary of the Estate. His last known address is 32 Lottie Road, Carmel, New York 10512. Carl Marin may claim an interest in the properties upon which the United States seeks to foreclose its liens.

13. Defendant the Putnam County National Bank of Carmel ("PCNB") is a federally insured financial institution with headquarters at 43 Gleneida Avenue, Carmel, New York 10512. Upon information and belief, PCNB holds or held mortgages on certain real estate owned by the Estate. PCNB is named in this suit because it may claim an interest in property upon which the United States seeks to foreclose its liens.

14. Defendant Samuel P. Utter is a natural person who, upon information and belief, holds or held a mortgage on certain real estate owned by the Estate. His last known address is 5831 Kingsfield Drive, Narvon, Pennsylvania 17555. Samuel Utter is named in this suit because he may claim an interest in property upon which the United States seeks to foreclose its liens.

15. Defendant Dykeman Scrap Iron Inc. is a dissolved New York corporation whose last known address is c/o Beatriz Marin, Route 312, Brewster, New York 10509. Dykeman Scrap Iron Inc. is named in this action because it may claim an interest in property upon which the United States seeks to foreclose its liens.

16. Defendant Car Lifts Plus, LLC, is a dissolved Connecticut Limited Liability Company whose last known address is c/o Starr L. Lorenzi, 261 Royal Coach Lane, Southbury, Connecticut, 06488. Car Lifts Plus, LLC, is named in this action because, upon information and belief, it holds or held a lien upon certain property of the Estate.

17. Defendant the Town of Southeast is a municipality in Putnam County, New York, with offices at 1360 Route 22, Brewster, New York 10509. The Town of Southeast is named in this suit because, upon information and belief, it is or was a judgment creditor of the Estate.

## THE ESTATE AND ITS FEDERAL TAX LIABILITIES

18. On or about November 5, 2007, Decedent Ana Beatriz Marin died.

19. The Decedent left a handwritten will (the "Will") dated June 2000.

20. The Will appointed Carla Marin and Philip Marin as co-executors. However, upon information and belief, due to a dispute over the authenticity of the Will, a temporary administrator was appointed.

21. On or about February 27, 2008, the Surrogate's Court appointed non-party William Carlin as Temporary Administrator of the Estate (the "Temporary Administrator").

22. In August 2008, the Temporary Administrator filed an estate tax return, IRS Form 706, on behalf of the Estate (the "Estate Tax Return"). According to the Estate Tax Return, the

Estate owned 29 parcels of real property (the "Estate Properties"), with a total fair market value of $6,298,500.[2]

23. Additionally, the Estate Tax Return reported that the Estate's cash, notes, and mortgages were worth a combined $1,134,985, and the Estate owned miscellaneous personal property worth $5,000, which combined with the Estate Properties for a gross estate worth $7,438,485.

24. The Estate's debts—including funeral expenses, debts of the Decedent, and mortgages on certain Estate Properties—reportedly totaled $695,099.

25. Based on the Estate Tax Return, the IRS assessed approximately $1.87 million in estate taxes against the Estate on October 13, 2008.

## THE ESTATE'S ELECTION TO PAY TAX IN INSTALLMENTS

26. Section 6166 of the Internal Revenue Code permits executors of certain estates to elect to defer the payment of the portion of the estate tax attributable to a closely held business for five years, such that the estate pays only interest on that amount during the first five years, and then repays the remaining tax in up to ten equal annual installments. *See* 26 U.S.C. § 6166(a), (f).

27. In conjunction with the filing of the Estate Tax Return, the Temporary Administrator elected to pay the Estate's taxes in installments under § 6166.

28. With the return, the Temporary Administrator also made a payment of the non-deferred portion of the tax, which totaled $119,340.

---

[2] Twenty-eight of the Estate Properties are located in Putnam and Dutchess Counties, in New York; one is located in Fairfield County, Connecticut.

29. In 2008 the IRS notified the Estate (through its Temporary Administrator and its tax preparer) that in order to maintain the Estate's deferral of taxes under § 6166, it would be required either to provide a security bond under 26 U.S.C. § 6165, or to consent to a special lien under 26 U.S.C. § 6324A, to ensure that the interest of the United States would be protected by collateral during the installment agreement.

30. In July 2009, the Temporary Administrator made an interest payment of approximately $38,000 to the IRS on behalf of the Estate.

**APPOINTMENT OF CARLA MARIN AND PHILIP MARIN AS CO-EXECUTORS**

31. On October 16, 2009, the Surrogate's Court issued letters testamentary to Carla Marin and Philip Marin, appointing them as co-executors of the Estate.

32. As co-executors, Carla Marin and Philip Marin owed, and as executor Carla Marin continues to owe, a fiduciary duty to the Estate and to its creditors, including the United States.

33. As co-executors, Carla Marin and Philip Marin had, and as executor Carla Marin continues to have, power over, and access to, the funds of the Estate, including the power to make distributions or payments out of the Estate and the power to prevent such payments and distributions.

34. As co-executors, Carla Marin and Philip Marin had, and as executor Carla Marin continues to have, power over, and access to, the books and records of the Estate, including the power to verify that all debts of the Estate were paid according to their respective legal priorities.

35. As co-executors, Carla Marin and Philip Marin had, and as executor Carla Marin continues to have, the ability to determine whether the Estate had paid all outstanding federal tax liabilities and the duty to ensure that any unpaid federal tax liabilities be accorded the priority in payment required by federal statute, 31 U.S.C. § 3713.

36. After an audit, the IRS made an additional estate tax assessment of approximately $245,000 on August 30, 2010, bringing the total estate tax liability to $2,114,400. Carla Marin, in her capacity as co-executor, consented to the assessment of the additional tax.

37. Based on the additional assessment, additional estate tax of approximately $57,600 became due immediately, which Carla Marin and Philip Marin, in their capacities as co-executors, paid on behalf of the Estate in September 2010.

38. Carla Marin made annual interest-only payments on behalf of the Estate, in her capacity as co-executor, in 2010, 2011, and 2012. The amounts of these payments varied between approximately $31,000 and approximately $35,000.

39. As early as the Estate's second operating year, however, it became apparent to the Estate's accountant that the Estate's ability to meet the terms of the § 6166 installment agreement was in jeopardy.

40. From October 2010 through July 2012, the IRS sent a number of letters—many of which went unanswered—to the Estate's accountant, in an attempt to determine whether the Estate could assure that the United States' interest in the Estate's property was sufficiently protected, either through a security bond under § 6165 or through the Estate's consent to a special lien under § 6234A.

41. The IRS's letter in July 2012 warned that if the Estate did not provide documents demonstrating either a security bond or consent to a special lien under § 6234A, the IRS would have no alternative but to begin processing the default of the Estate's § 6166 election. The July 2012 letter was copied, *inter alia*, to Carla Marin, Philip Marin, and Carl Marin.

42. On January 31, 2013, the IRS sent a formal notice of its intent to terminate the Estate's § 6166 election and demand immediate payment of the estate taxes owed.

43. In the summer of 2013, when the first installment of taxes plus interest became due under the still-pending installment agreement, the Estate—and in particular, its co-executors, Carla Marin and Philip Marin—failed to make the necessary payment when due.

44. In April 2014, the Surrogate's Court revoked the letters testamentary issued to Philip Marin and removed him as co-executor of the Estate, after he failed to file a formal accounting of his actions as co-executor and further failed appear in response to an order to show cause issued by the Surrogate's Court. Carla Marin remained as the sole executor.

45. In or around July 2014, the IRS formally terminated the Estate's § 6166 election.

46. Between December 2014 and March 2015, the IRS filed notices of federal tax lien against the Estate in Putnam and Dutchess Counties in New York; in Fairfield, Connecticut; and elsewhere.

47. On December 2, 2014, the IRS sent the Estate, through its executor Carla Marin, a Notice of Federal Tax Lien Filing. The notice alerted her that the Estate had the right to request an administrative hearing known as a collection due process hearing to appeal the collection action, but if it wanted such a hearing, was required to request one no later than January 9, 2015.

48. In February 2015, the IRS notified the Estate that its estate taxes were due, owing, and unpaid, and that as of the end of that month, the taxes, penalties and interest totaled over $2.5 million.

49. On February 4, 2015, the IRS notified the Estate, through its executor Carla Marin, of its intent to levy to collect the estate taxes. The notice alerted the Estate that it had the right to a collection due process hearing regarding the IRS's proposed levy, but if it wanted one, it was required to submit a request for such a hearing within 30 days of the date of the letter, or by March 6, 2015.

50. The Estate, through its executor Carla Marin, did not timely seek a collection due process hearing either for the notices of federal tax lien or for the proposed levies, and Carla Marin's request for an equivalent hearing was subsequently withdrawn.

51. Additionally, Carla Marin and Philip Marin, when serving in their capacities as fiduciaries of the Estate, failed to file any income tax return on behalf of the Estate for fiscal years ending 2010 to the present, despite the fact that Carla Marin has reported to the Surrogate's Court that the Estate has earned income of more than $2 million since October 2009.

52. According to the records of the Surrogate's Court, there has been no filing in or action by that court since May 2017.

53. Prior to that time, several proceedings took place in the Surrogate's Court, including (1) an accounting by the Temporary Administrator; (2) an interim accounting by Carla Marin; and (3) another beneficiary's request for the appointment of a special fiduciary or receiver.

54. According to the records of the Surrogate's Court, however, all three of these proceedings were terminated, withdrawn, and/or settled between March and May 2017.

55. Upon information and belief, there is no ongoing proceeding in the Surrogate's Court with which this action will interfere.

### RECEIPT OF ESTATE PROPERTY BY CARLA, PHILIP, AND CARL MARIN

56. A significant portion of the cash left by the Decedent was contained in accounts marked "ITF," or "in trust for," certain of the Estate's beneficiaries.

57. Upon information and belief, such ITF accounts were made payable to a beneficiary by the Decedent during the Decedent's lifetime, and then control of the account passed immediately upon the Decedent's death to the ITF beneficiary.

58. According to the Estate Tax Return, Carla Marin alone received more than $642,000 from ITF accounts; Carl Marin received more than $20,000; and Philip Marin received more than $8,000.

59. As co-executors, Carla Marin and Philip Marin had, and as executor Carla Marin continues to have, power over, and access to, the books and records of the Estate, including the power to verify whether additional Estate property and funds have been distributed to these individuals or others.

**USE OF ESTATE PROPERTY AND INCOME TO PAY NONTAX ESTATE DEBTS**

60. Upon information and belief, in the period between the IRS's initial assessment of estate taxes in October 2008 and the present, the Estate—through its representatives, including co-executors Carla Marin and Philip Marin—continued to collect rents and proceeds from the Estate Properties.

61. Upon information and belief, the Estate has also continued collecting payments on certain mortgage notes that it holds.

62. Upon information and belief, the Estate received funds from the settlement of a wrongful death claim of the Estate and distributed them to beneficiaries, despite the Estate's outstanding estate tax debt.

63. Upon information and belief, the Estate—both before and after receiving notice that the estate tax was due and owing to the IRS—has continued to pay debts to creditors who did not have priority ahead of the United States, despite the Estate's outstanding estate tax debt.

64. At the conclusion of an accounting proceeding in May 2017, the Surrogate's Court concluded that between October 16, 2009, and December 31, 2016—during the period when Carla Marin and Philip Marin acted as co-executors until April 2014, and subsequently

when Carla Marin acted as sole executor—the Estate received income totaling more than $2 million, and also paid out sums totaling more than $2 million.

## COUNT I
## Reduce to Judgment Outstanding Tax Liabilities of the Estate

65. The allegations in paragraphs 1 through 64 are repeated and realleged as though set forth fully herein.

66. On October 13, 2008, and August 30, 2010, the IRS properly assessed certain federal estate taxes against the Estate.

67. To date, these taxes—plus accrued interest, penalties, and fees as permitted by law, less amounts remitted as set out above—remain unpaid.

68. Interest, penalties, and fees on the Estate's unpaid estate tax liability continue to accrue.

69. Accordingly, the United States is entitled to an order reducing the Estate's unpaid estate tax liability to judgment.

## COUNT II
## Personal Liability Against Carla Marin and Philip Marin Pursuant to 31 U.S.C. § 3713

70. The allegations in paragraphs 1 through 69 are repeated and realleged as though set forth fully herein.

71. Pursuant to 31 U.S.C. § 3713, the United States has a priority to be paid first from the property of the Estate.

72. Upon information and belief, when serving as co-executors for the Estate, Carla Marin and Philip Marin—and later Carla Marin, in her capacity as sole executor of the Estate—distributed property of the Estate to themselves and others before paying claims of the government, in derogation of the priority of the claim of the United States established by 31 U.S.C. § 3713.

73. "A representative of . . . an estate . . . paying any part of a debt of the . . . estate before paying a claim of the Government is liable to the extent of the payment for unpaid claims of the Government." 31 U.S.C. § 3713(b).

74. As co-executors, Carla Marin and Philip Marin were, and as executor Carla Marin continues to be, representatives of the Estate, within the meaning of 31 U.S.C. § 3713(b).

75. At all relevant times, Carla Marin and Philip Marin had, and Carla Marin continues to have, knowledge of the Estate's unpaid tax liabilities or notice of facts that would lead a reasonably prudent person to inquire as to the existence of the unpaid tax liabilities.

76. Notwithstanding such knowledge or notice, Carla Marin and Philip Marin, upon information and belief, paid or permitted the payment of debts or distributions from the Estate to non-priority creditors and beneficiaries.

77. Pursuant to 31 U.S.C. § 3713(b), Carla Marin and Philip Marin are personally liable for the lesser of the outstanding federal tax liabilities of the Estate or the amount they caused the Estate to pay to parties other than the United States while they were serving as representatives of the Estate.

78. The Estate's federal tax liabilities remain unpaid.

79. Accordingly, the United States is entitled to judgment that Carla Marin and Philip Marin are each personally liable in the amount of payments from the Estate (excluding any payments to parties with priority claims senior to the United States) that they made or permitted, up to the amount of the Estate's unpaid federal tax liabilities.

### COUNT III
### Disgorgement Against Carla Marin and Philip Marin

80. The allegations in paragraphs 1 through 79 are repeated and realleged as though set forth fully herein.

81. As co-executors of the Estate, Carla Marin and Philip Marin were, and as executor Carla Marin was and continues to be, each a fiduciary owing a duty of loyalty, good faith, and care to the United States, as a creditor of the Estate.

82. Upon information and belief, Carla Marin and Philip Marin breached their fiduciary duties to the United States by paying or permitting to be paid debts of lower priority (including but not limited to distributions to beneficiaries) instead of the Estate's outstanding federal tax liabilities, when they knew or should have known that the Estate's federal tax liabilities had not been paid in full, while serving as the Estate's fiduciaries.

83. In light of these breaches of fiduciary duty, to the extent that Carla Marin and Philip Marin have received commissions, fees or other payments in connection with or as a result of their positions as the Estate's fiduciaries, they have each been unjustly enriched in whole or in part.

84. Accordingly, the United States is entitled to an order in equity requiring Carla Marin and Philip Marin to disgorge fees, commissions, or other payments received in connection with or as a result of their positions as the Estate's fiduciaries to the extent that they have been unjustly enriched, up to the amount of the Estate's unpaid federal tax liabilities.

## COUNT IV
### Personal Liability Against Carla Marin, Philip Marin, and Carl Marin
### Pursuant to 26 U.S.C. § 6324(a)(2)

85. The allegations in paragraphs 1 through 84 are repeated and realleged as though set forth fully herein.

86. Pursuant to 26 U.S.C. § 6324(a)(2), if the estate tax is not paid when due, then transferees, trustees, persons in possession of the property by reason of the exercise, nonexercise, or release of a power of appointment, or beneficiaries who receive, or have on the date of the decedent's death, property included in the gross estate under 26 U.S.C. §§ 2034 to 2042, are

personally liable for such tax to the extent of the value, at the time of the decedent's death, of such property.

87. To the extent that Carla Marin, Philip Marin, and Carl Marin received funds of the Estate, or had such funds applied to their benefit, they are transferees, trustees, persons in possession of the property by reason of the exercise, nonexercise, or release of a power of appointment, and/or beneficiaries of the Estate.

88. The federal tax liabilities of the Estate remain unpaid.

89. Accordingly, the United States is entitled to judgment that Carla Marin, Philip Marin, and Carl Marin are each personally liable for the Estate's unpaid federal tax liabilities, up to the value of the funds or assets they respectively received, or had applied to their benefit, from the Estate pursuant to 26 U.S.C. §§ 2034 to 2042, as of the time of the Decedent's death.

**COUNT V**
**Personal Liability Against Carla Marin, Philip Marin, and Carl Marin**
**Pursuant to N.Y. EPTL § 12-1.1**

90. The allegations in paragraphs 1 through 89 are repeated and realleged as though set forth fully herein.

91. Pursuant to Section 12-1.1 of the New York Estates, Powers and Trusts Law ("N.Y. EPTL"), distributees and testamentary beneficiaries are liable, to the extent of the value of the funds or property they receive from an estate, for unpaid tax liabilities of the estate.

92. To the extent that Carla Marin, Philip Marin, and Carl Marin received funds of the Estate, or had such funds applied to their benefit, they are distributees and testamentary beneficiaries of the Estate.

93. Upon information and belief, no person in a higher order of liability, as described in N.Y. EPTL § 12-1.2, can satisfy the Estate's tax obligations.

15

94. To the extent the United States cannot fully satisfy the Estate's tax obligations from the property in the hands of the Estate's personal representatives, or as otherwise set out in N.Y. EPTL § 12-1.1(b), Carla Marin, Philip Marin, and Carl Marin are personally liable under N.Y. EPTL § 12-1.1, for the lesser of the outstanding federal tax liabilities of the Estate or the amount was transferred to them from the property of the Decedent.

95. The federal tax liabilities of the Estate remain unpaid.

96. Accordingly, the United States is entitled to judgment that Carla Marin, Philip Marin, and Carl Marin are each personally liable for the Estate's unpaid federal tax liabilities, up to the value of the funds they respectively received, or had applied to their benefit, from the Estate.

## COUNT VI
### Judgment of Foreclosure Against the Estate Properties and Appointment of Receiver

97. The allegations in paragraphs 1 through 96 are repeated and realleged as though set forth fully herein.

98. Federal tax liens under 26 U.S.C. § 6321 arose upon all assets of the Estate as of the assessments on the dates set out in paragraphs 25 and 36 above, including upon each of the Estate Properties listed in the Estate Tax Return.

99. As a result of the neglect, refusal, or failure of the Estate and its executor, Carla Marin, to provide for payment of these assessments, after notice and demand, the Estate's federal estate tax debts remain unpaid.

100. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens upon the Estate Properties, and to have such property sold at a judicial sale free and clear of all rights, titles, claims, and interests of the parties, including any rights of redemption, and to have the proceeds distributed, after the payment of the cost of sale and any real estate taxes due and

owing under 26 U.S.C. § 6323(b)(6), to the United States or as otherwise determined by the Court.

      101.    Pursuant to 26 U.S.C. § 7402(a), the Court has the jurisdiction to make and issue an order appointing a receiver as may be necessary or appropriate for the enforcement of the internal revenue laws. Additionally, pursuant to 26 U.S.C. § 7403(d), the Court may appoint a receiver to enforce the United States' liens.

      102.    In order to protect the value of the United States' interest in the Estate Properties, and in order to enforce the United States' tax liens upon such interest, it is necessary and appropriate to appoint a receiver who is authorized to liquidate the Estate Properties, and operate them as needed until they can be liquidated, with the proceeds to be distributed to such parties and in such amounts as the Court determines.

## COUNT VII
### Request for Accounting of Estate Assets

      103.    The allegations in paragraphs 1 to 102 are repeated and realleged as though set forth fully herein.

      104.    Pursuant to 26 U.S.C. § 6321, on the dates of assessment set out in paragraphs 25 and 36 above, federal tax liens arose in favor of the United States upon all of the Estate's property and rights to property of the Estate.

      105.    The United States therefore requests that the Court order Carla Marin, in her capacity as executor of the Estate, to provide an accounting of all assets of the Estate, including any and all assets that have been transferred from the Estate to any individual or entity.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff the United States of America respectfully requests that the Court enter judgment:

(a) reducing to judgment the Estate's unpaid federal estate tax liability, including interest, fees, and any other statutory additions thereto;

(b) declaring that Carla Marin and Philip Marin are each personally liable in the amount of payments from the Estate (excluding any payments to parties with priority claims senior to those of the United States) that they made or permitted in their positions as estate representatives, up to the amount of the Estate's unpaid federal tax liabilities;

(c) ordering Carla Marin and Philip Marin to disgorge fees, commissions, or other payments received in connection with or as a result of their positions as the Estate's fiduciaries to the extent that they have been unjustly enriched, up to the amount of the Estate's unpaid federal tax liabilities;

(d) declaring that Carla Marin, Philip Marin, and Carl Marin are each personally liable for the Estate's unpaid federal tax liabilities, up to the value of the funds and/or property they respectively received, were transferred, or had applied to their benefit, from the Estate;

(e) determining and adjudging that the United States has valid and subsisting federal tax liens in the Estate Properties;

(f) enforcing the United States' federal tax liens against the Estate Properties, appointing a receiver pursuant to 26 U.S.C. § 7403(d) who is authorized to liquidate the Estate Properties and operate the Estate Properties as needed until they can be liquidated, and ordering that those properties be sold free and clear of all rights, title, liens, claims, and interests of the parties, including any rights of redemption, and distributing the proceeds, after the payment of the costs of sale, to United States;

(g) ordering Carla Marin, as executor of the Estate, to provide an accounting of all assets of the Estate, including any and all assets or funds that have been transferred or paid from the Estate to any individual or entity; and

(h) granting the United States its costs and disbursements incurred in connection with this action, along with such further relief as the Court may deem just and proper.

Dated: October 11, 2018
New York, New York

                                        GEOFFREY S. BERMAN
                                        United States Attorney for the
                                        Southern District of New York

By:     /s/ Samuel Dolinger
                SAMUEL DOLINGER
                Assistant United States Attorney
                86 Chambers Street, 3rd Floor
                New York, New York 10007
                Tel.: (212) 637-2677
                E-mail: samuel.dolinger@usdoj.gov